UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH NOAH HURLESS, | ) |
| Petitioner, | ) Case No. 4:05-cv-146 |
| v. | ) Honorable Robert Holmes Bell |
| MARY BERGHUIS, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner is incarcerated at the Ernest C. Brooks Correctional Facility. After a jury trial, Petitioner was convicted of two counts of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b, in the Barry County Circuit Court. On March 18, 1993, the trial court sentenced Petitioner to prison terms of fifty to seventy-five years for the first count and life for the second count of first-degree CSC. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on December 1, 1995. Petitioner did not seek leave to appeal in the Michigan Supreme Court.

In 2004, Petitioner filed a motion for relief from judgment in the Barry County Circuit Court and a motion for reconsideration, which were both subsequently denied. The Michigan Court of Appeals and Michigan Supreme Court also denied his applications for leave to appeal on December 16, 2004 and June 30, 2005, respectively.

As stated verbatim from his petition, Petitioner raises the following grounds for habeas corpus relief:

1. PETITIONER WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF THE FAILURE TO REQUEST INSTRUCTIONS, OR TO OBJECT TO OR TO APPEAL IMPROPER JURY INSTRUCTIONS REGARDING JURY UNANIMITY AS TO EACH COUNT.

2. PETITIONER WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF THE FAILURE OF THE APPELLATE COUNSEL TO APPEAL THE ERRONEOUS MRE 404(b) RULINGS BY THE TRIAL COURT DURING THE APPEAL OF RIGHT TO THE MICHIGAN COURT OF APPEALS.

> 3. THE PETITIONER IS ENTITLED TO BE RESENTENCED BECAUSE THE SENTENCING COURT IMPROPERLY RELIED UPON UNRELIABLE INFORMATION CONTRARY TO FEDERAL AND STATE CONSTITUTIONAL PROTECTIONS OUTSIDE OF THE COURT RECORD WHICH SHOULD OF BEEN OBJECTED TO AND APPEALED FOR FEDERAL AND STATE CONSTITUTIONAL ASSISTANCE OF COUNSEL PURPOSES AND BECAUSE THE COURT OF APPEALS USED A STANDARD OF REVIEW THAT SUBSEQUENTLY HAS BEEN DETERMINED TO PROVIDE TOO MUCH DEFERENCE TO SENTENCING COURT DETERMINATIONS REGARDING DEPARTURES AND FURTHER THE DENIAL OF RELIEF IS A VIOLATION OF PETITIONER'S FEDERAL CONSTITUTIONAL PROTECTIONS UNDER <u>BLAKELY V. WASHINGTON</u>. U.S. CONST. Am's VI; 1963 CONST. ART. I, 20.

II.     <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

>A.  **Section 2244(d)(1)(A)**

Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals affirmed Petitioner's conviction on December 1, 1995. Petitioner did not pursue an appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). However, such a petitioner is not entitled to also count the ninety-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a

petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Accordingly, Petitioner's conviction became final on January 26, 1996. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner therefore had until April 24, 1997 to file his habeas application. Petitioner filed on December 15, 2005. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred under § 2244(d)(1)(A).

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in 1997, his motion for relief from judgment filed in 2004 does not serve to revive the limitations period. *See Vroman v. Brigano*,

346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999). Even where the postconviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

      B.    **Section 2244(d)(1)(C)**

In his third ground for relief, Petitioner argues that his sentence is unconstitutional pursuant to the holding in *Blakely v. Washington*, 524 U.S. 296 (2004). The Supreme Court held in *Blakely* that the State of Washington's determinate sentencing system, which permitted the trial judge to increase the maximum sentence allowed by law by relying on facts not found by the jury, violated a defendant's Sixth Amendment rights. *Id.* at 303. Petitioner's claim implicates § 2244(d)(1)(C). Section 2244(d)(1)(C) states that when a habeas corpus petition is based on "newly recognized" constitutional rights, the one-year limitations period does not start running until "the date on which the constitutional right asserted was initially recognized by the Supreme Court." However, this provision only applies when the new right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Generally, new rules of constitutional criminal procedure are not applied retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288 (1989). Whether a new procedural rule is given retroactive effect on collateral review is governed by the standard set forth by the Supreme Court in *Teague*. Under *Teague*, the determination whether a constitutional rule of criminal

procedure applies to a case on collateral review requires a three-step process. *See O'Dell v. Netherland*, 521 U.S. 151, 156-57 (1997). First, the court must determine the date on which the defendant's conviction became final. *Id.* State convictions are final "'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" *Beard v. Banks*, 542 U.S. 406, 411 (2004) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). Under these authorities, Petitioner's conviction became final on January 26, 1996. *Blakely* was not decided until June 24, 2004.

The second step of the inquiry is whether the principle invoked by the defendant on collateral review is a "new rule" of criminal procedure. *O'Dell*, 521 U.S. at 156. A case announces a new procedural rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis added). Although *Blakely* applies and expands the rule enunciated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it cannot be said that the result in *Blakely* was in any way dictated by *Apprendi*. As the Seventh Circuit recently observed in *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004), before *Blakely* was decided, every federal court of appeals had held that *Apprendi* applied only to sentencing decisions that increased the statutory maximum penalty and did not apply to guideline calculations made within the statutory maximum. *Id.* at 681 (citing *United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004)); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir. 2003); *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269

F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100-01 (1st Cir. 2001); and *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001). *Blakely* compels a completely new understanding of the requirements of the Sixth Amendment, in that it requires for the first time that upward adjustments in a sentence based on judicial fact-finding dictated by the guidelines violates the right to a jury trial. *See United States v. Booker*, 375 F.3d 508, 511 (7th Cir. 2004) ("*Blakely* dooms the guidelines insofar as they require that sentences be based on facts found by a judge."). Without a doubt, *Blakely* represents a new procedural rule applicable to sentencing in the state and federal courts.

Moreover, it cannot be argued that the *Blakely* rule is one of substance rather than procedure. "A decision that modifies the elements of an offense is normally substantive rather than procedural." *Schriro v. Summerlin*, 542 U.S. 348, 354 (2004). In *Schriro*, the Supreme Court decided that the rule announced in *Ring v. Arizona,* 536 U.S. 584 (2002) (which required juries and not judges to make findings of fact leading to the imposition of a sentence of death) was procedural, because it merely regulated the manner of determining sentences rather than altering the range of conduct that state law subjected to the death penalty. *Id.* at 350-55. The rationale of *Schriro* applies with equal force to the present case.

If a court determines that the rule is 'new,' the final step in the *Teague* analysis "requires the court to determine whether the rule nonetheless falls within one of the two narrow exceptions to the *Teague* doctrine." *O'Dell*, 521 U.S. at 156-57. The first limited exception is for new rules "forbidding criminal punishment of certain primary conduct [and] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry*

*v. Lynaugh*, 492 U.S. 302, 330 (1989). That exception obviously has no application to the present case. The second exception has been described by the Supreme Court as "even more circumscribed." *O'Dell*, 521 U.S. at 157. This exception permits retroactive application of "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)). "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." *Graham,* 506 U.S. at 478 (quotation marks omitted). Again, *Schriro* is dispositive of this issue. In *Schriro*, the Court found that *Ring,* 536 U.S. 584, did not fit within the "watershed" exception, because it did not implicate the fundamental fairness and accuracy of the criminal proceeding. *Schriro*, 124 S. Ct. at 354-55. The requirement that juries and not judges make factual findings upon which a sentence is based is not predicated upon a superior accuracy of jury fact-finding, but is a result of the command of the Sixth Amendment. *Id.* at 354-59. This holding of *Schriro* requires rejection of any argument that *Blakely* represents a "watershed" holding within the meaning of *Teague*.

Application of the *Teague* analysis leads to a firm conclusion that the *Blakely* decision may not be given retroactive effect on collateral review. In the Sixth Circuit, *Blakely* has not been applied retroactively to cases that were final on direct review at the time *Blakely* was decided. *See Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005); *see also United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004); *United States v. Johnson*, 146 F. App'x 656, 657 n.2 (4th Cir. 2005); *United States v. Causey*, 141 F. App'x 396, 397 (5th Cir. 2005); *Hickman v. United States*, Nos. 3:00-CV-606 & 3:96-CR-107, 2005 WL 2740871, at *2 (E.D. Tenn. Oct. 24, 2005); *United States v. Lopez*, No. 1:01-CR-269, 2005

WL 1806349, at *1 (W.D. Mich. July 28, 2005). Petitioner's conviction became final on January 26, 1996, eight years before the *Blakely* decision. Therefore, the running of the statute of limitations under Section 2244(d)(1)(C) does not apply to this habeas petition.

        C.    **Equitable Tolling**

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. In his petition, Petitioner claims that he exercised due diligence but was ignorant as to the requirements for court procedures and constitutional law. He states that his new claims were properly filed in a motion for relief from judgment on March 8, 2004. Pet. at 16. Petitioner's allegations regarding his due diligence are wholly conclusory. Petitioner provides no specific factual allegations whatsoever to support his contention that he exercised due

diligence. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated: January 17, 2006         /s/ Hugh W. Brenneman, Jr.
                                Hugh W. Brenneman, Jr.
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).