UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NOAH HURLESS,

               Petitioner,               FILE NO. 4:05-CV-146

v.                                            HON. ROBERT HOLMES BELL

MARY BERGHUIS,

               Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #5). The matter presently is before the Court on Petitioner's objections to the R&R (docket #6).

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern

those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, habeas petitions are governed by a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The Magistrate Judge thoroughly analyzed the timeliness of the petition and determined that Petitioner's action, filed nearly ten years after his conviction became final, was time-barred. In his response to the R&R, Petitioner does not take issue with any portion of the Magistrate Judge's analysis, and he does not mention the statute of limitations. Instead, he has submitted a brief arguing the substance of the claims raised in his petition. Such a brief entirely fails to meet the requirement that objections to a R&R must identify the specific portions of the R&R with which Petitioner disagrees. *Miller*, 50 F.3d at 380. Because he has failed to file valid objections, Petitioner has waived his opportunity object to the Magistrate Judge's recommendation.

Notwithstanding Petitioner's failure to identify specific points of error, the Court has fully reviewed the analysis of the Magistrate Judge. The Court finds that the Magistrate Judge exhaustively and persuasively analyzed the question and reached the correct result. The petition therefore will be denied.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See, e.g., Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings

must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's objections (docket #6) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that the habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.


Date:    September 22, 2006            /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE